IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN SHULER and<br>HEATHER FIORELLA<br><br>Defendants. | Case No. CR07-0060<br><br>ORDER FOR PRETRIAL<br>DETENTION |

On the 1st day of August 2007, this matter came on for hearing on the Government's request to have the Defendants detained prior to trial. The government was represented by Assistant United States Attorney Sean Berry. Defendant John Shuler appeared personally and was represented by his attorney, Jane Kelly. Defendant Heather Fiorella also appeared personally and was represented by her attorney, Michael Lahammer.

## RELEVANT FACTS

On July 26, 2007, Defendants John Shuler and Heather Fiorella were charged by Indictment (docket number 1) with one count of conspiracy to produce child pornography and one count of attempting to entice a person under the age of eighteen to engage in sexually explicit conduct for the purpose of producing a video tape recording. The Defendants have pleaded not guilty and trial is now scheduled for September 24, 2007.

Special Agent Mike Kitsmiller of the Federal Bureau of Investigation ("FBI") testified that the FBI opened an investigation on the Defendants following a tip that the Defendants were engaged in on-line discussions regarding sex with children and had forwarded images to a person in the Quad Cities. The communications were traced back

1

to the Defendants' IP address and, according to Special Agent Kitsmiller, the complainant saw both Defendants on a web camera.

During the course of the investigation, it was determined that the Cedar Rapids Police Department was also conducting an investigation and a search was executed at the Defendants' residence in March 2007. Among the items seized was a video tape, introduced into evidence at the instant hearing as Government's Exhibit 1. The video tape was produced with a hidden camera and depicts Defendants, both of whom are nude throughout the tape, with a fourteen-year-old girl wearing a bathing suit. The tape, which runs for more than an hour, shows the Defendants attempting to induce the child to appear in a pornography film. The discussion is sexually explicit and concludes with the Defendants offering to demonstrate sexual positions for the child. At one point, in discussing the relative size of his penis, Shuler becomes erect. The Defendants also demonstrate a swing which can be hung from the ceiling and used for sexual purposes and entice the child to try it out. Other discussions include the use of lubricant, glass dildos, and whether "if she were twenty," the child would be interested in performing oral sex on Shuler.

Special Agent Kitsmiller testified that ten computer discs containing images of child pornography were also seized from Defendants' residence in March 2007. Two of the discs included nude images of Fiorella's daughter, who was then age ten or eleven. Some of the images of Fiorella's daughter were sexually suggestive. A nude picture of Fiorella's daughter was also found in Shuler's wallet. Also seized was a video clip of Shuler lying on a bed masturbating. At one point, according to Kitsmiller, the camera was turned around and revealed Fiorella's daughter as the videographer.

According to the Pretrial Services Report, the Defendants have lived together in Cedar Rapids for the past three years. Prior to that time, Shuler lived with his wife in Hampton. He has two teenage daughters, who reside with their mother. Fiorella has a thirteen-year-old daughter who resides with Fiorella's parents. The parties are self-

employed, doing handiwork and office work for a company which owns and manages property.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense involving a minor victim under certain enumerated sections, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822 F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his/her burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendants are charged with conspiracy to produce child pornography and attempting to entice a person under the age of eighteen to engage in sexually explicit conduct, both in violation of 18 U.S.C. §§ 2251(a) and (e). These charges establish a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of Defendants as required and the safety of the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), and for the further reasons stated by the Court on the record at the time of hearing, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendants as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendants are released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court

4

concludes that Defendants should be detained prior to trial. Defendants were advised in open court of their right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendants are committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendants shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendants are confined shall deliver the Defendants to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 2nd day of August, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA