**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN SCHULER <br> and HEATHER FIORELLA, a/k/a <br> Heather Gonsorcik, <br><br> Defendants. | No. 07-CR-60-LRR <br><br> **ORDER** |

*TABLE OF CONTENTS*

I.   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  *PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III. *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

IV.  *THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    A.   *Findings of Fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    B.   *Relevant Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
        1.   *Fourth Amendment and Exclusionary Rule* . . . . . . . . . . . . . . *3*
        2.   *Exceptions to the Exclusionary Rule* . . . . . . . . . . . . . . . . . . *5*
    C.   *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        1.   *Objection 1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        2.   *Objection 2* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
        3.   *Objection 3* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
        4.   *Objection 4* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

V.   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## I. INTRODUCTION

The matter before the court is Defendant John Schuler's Objections to Report and Recommendation Filed in Response to Joint Defense Motion to Suppress ("Schuler Objections") (docket no. 44), and Co-Defendant Heather Fiorella's Joinder of Co-

Defendant's Objections to Report and Recommendation ("Joinder") (collectively, "Objections") (docket no. 46), to the Report and Recommendation (docket no. 38), which recommends denying the Joint Defense Motion to Suppress ("Motion") (docket no. 22).

## II. PROCEDURAL HISTORY

On August 28, 2007, the grand jury returned a four-count Superceding Indictment against Defendants. Count 1 charges that, from in or about mid-2005, Defendants conspired to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Count 2 charges that, in or about July of 2005, Defendants produced and attempted to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e) and § 2(a). Count 3 charges that, in or about mid-2006, Defendants produced and attempted to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e) and § 2(a). Count 4 charges that, in about March of 2007, Defendants possessed, attempted to possess and aided and abetted the possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) and § 2(a).

On August 27, 2007, Defendants filed the Motion. On September 4, 2007, the government filed a resistance to the Motion. On September 5, 2007, the Honorable United States Magistrate Judge Jon Stuart Scoles ("Magistrate Judge Scoles") held a hearing on the Motion.

On September 18, 2007, Magistrate Judge Scoles entered a Report and Recommendation, in which he recommended that the Motion be denied. Magistrate Judge Scoles concluded that the state court search warrant was supported by probable cause, and, alternatively, that (1) the evidence produced from such warrant was admissible pursuant to the independent source doctrine and (2) the *Leon* good faith exception applied, *United States v. Leon*, 468 U.S. 897, 922 (1984). On October 2, 2007, Defendant Schuler filed the Schuler Objections. On October 8, 2007, Defendant Fiorella filed the Joinder. The court finds the matter fully submitted and ready for review.

2

### III.  STANDARD OF REVIEW

A district court judge must make a *de novo* determination of those portions of a magistrate judge's report or recommendation to which a party objects.  28 U.S.C. § 636(b)(1); *see, e.g., United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that *de novo* review is "required").  The judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1).

Federal Rule of Criminal Procedure 59 similarly explains that "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence . . . .  The magistrate judge must promptly conduct the required proceedings."  Fed. R. Crim. P. 59(b)(1).  Thereafter, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Crim. P. 59(b)(2).  "The district judge must consider *de novo* any objection to the magistrate judge's recommendation.  The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."  Fed. R. Crim. P. 59(b)(3).

Because Defendants have made timely and specific objections in this case, the following *de novo* review is required.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

### IV.  THE MERITS
#### A.  Findings of Fact

After a *de novo* review of the record, the court adopts Magistrate Judge Scoles's findings of fact in the Report and Recommendation.

#### B.  Relevant Law
##### 1.  Fourth Amendment and Exclusionary Rule

The Fourth Amendment to the United States Constitution states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ."  U.S. Const.

3

amend. IV. "Determinations of probable cause must be premised on the totality of the circumstances." *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). "'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Independently corroborated evidence supports a finding of probable cause. *United States v. Carter*, 413 F.3d 712, 714 (8th Cir. 2005) ("A premium is indeed placed on corroboration of the tip by independent evidence and evidence of past reliability in cases where the statements of a confidential informant provide the basis for probable cause."). "Even the corroboration of minor, innocent details can suffice to establish probable cause." *United States v. Tyler*, 238 F.3d 1036, 1039 (8th Cir. 2001).

Among the evidence that may establish probable cause are the statements of third-party observers; the Eighth Circuit Court of Appeals has ruled, in the child pornography context, that a law enforcement officer's reliance on the observations by a third-party of suspected child pornography may suffice for a finding of probable cause. *United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) (holding that allegation by computer technician that defendant's hard drive contained child pornography was sufficient for finding of probable cause); *see also United States v. Gipp*, 147 F.3d 680, 687 (8th Cir. 1998) (holding that a law enforcement officer's affidavit recounting observations of a witness to a stolen stereo in the defendant's house sufficed to establish probable cause for search thereof); *United States v. Weisser*, 737 F.2d 729, 732 (8th Cir. 1984) (holding that "interviews with witnesses" are among the bases on which a law enforcement officer may rely in an affidavit establishing probable cause).

"An issuing judge's probable cause determination is entitled to substantial deference." *United States v. Durham*, 470 F.3d 727, 733 (8th Cir. 2006) (citing *United*

4

*States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996)). "[T]he duty of a reviewing court is simply to ensure the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 362 U.S. at 238-39 (citations, internal quotation marks and alterations omitted).

The "exclusionary rule" provides that "evidence seized during an unlawful search [cannot] constitute proof against the victim of the search." *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963).

### 2. *Exceptions to the Exclusionary Rule*

There are exceptions to the exclusionary rule. Two of these exceptions are relevant here. First,

> [t]he independent source doctrine provides that evidence initially discovered during an unlawful search, but later obtained independently through activities untainted by the illegality, may be admitted into evidence. This rule is rooted in the view that the interest of society in deterring unlawful police conduct and the public interest in having juries receive all probative evidence of a crime are properly balanced by putting the police in the same, not a worse, position that they would have been in if no police error or misconduct had occurred. To establish that the independent source doctrine applies to evidence seized pursuant to a warrant obtained after an unlawful entry to a home, the government must show both (1) that the decision to seek the warrant was independent of the unlawful entry—i.e., that police would have sought the warrant even if the initial entry had not occurred—and (2) that the information obtained through the unlawful entry did not affect the magistrate's decision to issue the warrant.

*United States v. Khabeer*, 410 F.3d 477, 483 (8th Cir. 2005) (citations and internal quotations omitted).

Second, the Supreme Court in *Leon*, 468 U.S. at 922, explained the circumstances under which evidence obtained by police officers acting in good faith, although pursuant to an unlawfully issued search warrant, may nonetheless be admissible. In general,

disputed evidence will be admissible if the officer executing the unlawful search warrant was "objectively reasonable" in relying in good faith on the issuing magistrate's probable cause determination. *Id*. However, there are

> four circumstances in which an officer's reliance on a search warrant would be objectively unreasonable: (1) when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the judge wholly abandoned his judicial role in issuing the warrant; (3) when the affidavit in support of the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant is so facially deficient that the executing officer could not reasonably presume the warrant to be valid.

*Grant*, 490 F.3d at 632-33 (internal citations and quotations omitted).

### C. Analysis

In the Objections, Defendants propound four objections to the Report and Recommendation. The court addresses each of these objections in turn.

#### 1. Objection 1

Defendants object to the legal conclusion in the Report and Recommendation that the affidavit ("Affidavit"), submitted in support of the search warrant issued by a Linn County Judicial Officer on March 16, 2007 ("State Search Warrant"), suggested a fair probability that evidence of a crime would be found at Defendant Fiorella's residence. Defendants contend that there is no evidence that Officer Martin K. DeVore of the Cedar Rapids Police Department ("Officer DeVore"), or any other law enforcement officer, reviewed the e-mailed copies of sexually explicit images of minor females ("Images") before completing the Affidavit. Instead, Officer DeVore relied on the statements made by an unidentified complaining witness ("Complainant"), who stated that he had received and viewed the Images. Defendants suggest that this reliance was misplaced in light of *Grant*, and that the chat logs provided by the Complainant, although disturbing, do not establish a fair

6

probability that evidence of a crime could be found at Defendant Fiorella's residence.

Defendants argue that *Grant* stands for the proposition that a law enforcement officer's reliance on a third-party's observations of alleged child pornography may only establish probable cause if the observer is "uniquely able, and properly motivated, to distinguish between child pornography and lawful images." *Grant*, 490 F.3d at 632. Because the Affidavit does not contain a name or description of the Complainant here, there was an insufficient basis for the Linn County Judicial Officer to make a finding of probable cause.

Defendants' argument fails for several reasons. First, unlike in *Grant*, there was corroborating evidence to support the Complainant's conclusion that the Images were child pornography. The chat logs explicitly referenced sexual activities with 10 year-old, 12 year-old and 15 year-old children, possibly within the household, who may have been video taped or photographed, including, specifically, a 12 year-old female ("Chat Log Evidence"). The issuing magistrate in *Grant* was presented only with the observations of a third-party in the supporting affidavit. 490 F.3d at 631. Indeed, the Chat Log Evidence itself is sufficient for establishing probable cause. *See Tyler*, 238 F.3d at 1039 (holding that the corroboration of even minor details can suffice for probable cause). Second, an observation of a third-party in a supporting affidavit for a search warrant may serve as the basis for a finding of probable cause. *Gipp*, 147 F.3d at 687. The Eighth Circuit Court of Appeals has acknowledged the reliability of a third-party's observations of alleged child pornography because "[m]ost minors look like minors and most adults look like adults . . . ." *Grant*, 490 F.3d at 632 (quoting *United States v. Koelling*, 992 F.2d 817, 822 (8th Cir. 1993)). Thus, the observations of the Complainant, which possess some degree of reliability, *Grant*, 490 F.3d at 632, coupled with the Chat Log Evidence, established a "fair probability" that child pornography would be found at Defendant Fiorella's residence. *See Gates*, 462 U.S. at 238. For these reasons, the court shall overrule the objection and adopt the analysis set forth in the Report and Recommendation.

7

### 2. Objection 2

Defendants object to the legal conclusion in the Report and Recommendation that the evidence supplied by the Complainant in the Affidavit was sufficiently corroborated to support a finding of probable cause. Specifically, Defendants highlight that the Complainant was the source of the Images and the Chat Log Evidence, suggesting the Affidavit contained no independent corroborating evidence. As an initial matter, though, the Linn County Judicial Officer's "probable cause determination is entitled to substantial deference." *Durham*, 470 F.3d at 733. Moreover, the allegations of a third-party alone may serve as the basis for a finding of probable cause, *Gipp*, 147 F.3d at 687; *United States v. Hubbard*, 227 F.App'x 224, 225 (4th Cir. 2007) (holding that defendant's ex-girlfriend's allegation of sexual abuse of her two children, coupled with her allegation that she had seen child pornography in defendant's home and in his mother's home, were sufficient to establish probable cause to search defendant's home and defendant's mother's home for child pornography), and law enforcement's inability to corroborate important allegations of a confidential informant is not necessarily fatal to a finding of probable cause, *United States v. Pritchard*, 745 F.2d 1112, 1120 (7th Cir. 1984). Therefore, for these reasons, the court shall overrule the objection and adopt the analysis set forth in the Report and Recommendation.

### 3. Objection 3

Defendants object to the legal conclusion in the Report and Recommendation that the evidence seized in this case is admissible nonetheless under the independent source doctrine. Specifically, Defendants argue that because the evidence seized pursuant to the State Search Warrant was not actually discovered thereafter by federal law enforcement officers, the independent source doctrine does not apply. Defendants contend that the disputed evidence must be in fact "later obtained," *Khabeer*, 410 F.3d at 483, and that it is insufficient for the government to show that the disputed evidence nevertheless would have been obtained.

The court notes that it adopts the probable cause analysis in the Report and Recommendation and concludes that the warrant was properly issued, but it will address the objection in any case. The major controlling cases on the independent source doctrine involve evidence that was initially seized unlawfully but later obtained in fact by lawful means through an independent source. *See, e.g.*, *Murray v. United States*, 487 U.S. 533, 535-36 (1988); *Nix v. Williams*, 467 U.S. 431, 436 (1984); *Nardone v. United States*, 308 U.S. 338, 341 (1939). Although the disputed evidence here perhaps may be admissible pursuant to the inevitable discovery doctrine, *Nix*, 467 U.S. at 444, the court declines to engage in that analysis given the adoption of the *Leon* analysis in response to Objection 4. Therefore, the court shall sustain Objection 3.

### *4. Objection 4*

Defendants object to the conclusion that the *Leon* good-faith exception applies. The court notes at the outset, that it agrees with the legal conclusion in the Report and Recommendation that probable cause existed to issue the State Search Warrant, but it will address the objection in any case.

Defendants implicitly employ the third exception to *Leon*'s good faith rule, namely, the Affidavit "in support of the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable . . . ." *Grant*, 490 F.3d at 632-33. Defendants must meet an exacting standard, namely, that the executing officer's "reliance on the warrant was objectively unreasonable based on an affidavit so lacking indicia of probable cause." *United States v. Johnson*, 78 F.3d 1258, 1263 (8th Cir. 1996). The inquiry is confined "'to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization . . . .'" *Grant*, 490 F.3d at 632 (quoting *Leon*, 468 U.S. at 922 n.3). The Eighth Circuit Court of Appeals' holding in *United States v. Herron* suggests that the executing officer must know the issuance of the warrant was based on no evidence, rather than merely weak evidence, for *Leon*'s safe harbor to be inapplicable. 215 F.3d 812, 814

9

(8th Cir. 2000) (holding that *Leon* good faith exception did not apply where officers relied on warrant based on affidavit that contained "no evidence . . . that [marijuana or the implements of marijuana production] would be found" at defendant's home (alterations in original)).

However, as explained in the analyses of Objection 1 and Objection 2 above, as well as in the Report and Recommendation, there was an ample showing of probable cause. If, based on the Affidavit in support of the State Search Warrant, "'there [was] a fair probability that contraband or evidence of a crime [would] be found [at Defendant Fiorella's residence],'" *Williams*, 477 F.3d at 557 (quoting *Gates*, 462 U.S. at 238), Office DeVore was hardly "objectively unreasonable" in relying on the validity of the State Search Warrant, *Grant*, 490 F.3d at 632-33. Furthermore, the Eighth Circuit Court of Appeals held in *Grant* that the executing officer was objectively reasonable in relying on the validity of the search warrant, even though the executing officer presented only the allegations of third-parties in his supporting affidavit and had not observed the alleged pornographic images of children himself. 490 F.3d at 633; *see also United States v. Pruett*, No. 06-3500, 2007 WL 2492582, *5 (8th Cir. Sept. 6, 2007) (holding that officer reasonably relied on validity of warrant even though it was based on the uncorroborated statements of an informant); *United States v. Hallam*, 407 F.3d 942, 946 (8th Cir. 2005) (holding that officer's reliance on warrant's validity was not "entirely unreasonable" even though based upon the lone allegation of an informant that the defendant possessed illegal firearms). The similarity alone between the circumstances in *Grant* and those here entails that the *Leon* good faith exception should apply. Therefore, for the same reasons, the court shall overrule the objection and adopt the well reasoned analysis set forth in the Report and Recommendation.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1) Objections 1, 2 and 4 in Defendant Schuler's Objections to Report and

Recommendation (docket no. 44), as joined by Defendant Fiorella (docket no. 46) are **OVERRULED**;

(2) Objection 3 in Defendant Schuler's Objections to Report and Recommendation (docket no. 44), as joined by Defendant Fiorella (docket no. 46) is **SUSTAINED;**

(3) Magistrate Judge Scoles's Report and Recommendation (docket no. 38), excluding the recommendation as to Objection 3, is **ADOPTED**;

(4) Defendants' Motion (docket no. 22) is **DENIED**; and

(5) The period between the filing of Defendants' Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 15th day of October, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA